IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAVIDSON IZQUIERDO TIRADO AND HIS WIFE, JENNIFER NIEVES,<br>    Plaintiffs<br><br>Vs.<br><br>PUERTO RICO POLICE AGENT REYNALDO NIEVES-SOTO BADGE 17952; SERGEANT JOSE D. CORDERO QUIÑONES, BADGE 823488; UNKNOWN SUPERVISOR JOHN DOE; A, B, C COMPANIES; D,E,F INSURANCE COMPANIES<br><br>    Defendants | CIVIL NO.<br><br>**DAMAGES UNDER 42 U.S.C. 1983 and Under the Puerto Rico Civil Code;**<br><br>**JURY TRIAL DEMANDED** |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

Comes now plaintiffs through the undersigned counsel and very respectfully states and prays.

### I.   NATURE OF THE ACTION

1. This is an action for damages arising under the IV Amendment of the United States of America Constitution, and under 42 U.S.C. 1983.

### II.   JURISDICTION AND VENUE

2. The jurisdiction of this Court is founded upon 28 U.S.C. 1331 and 1343 and plaintiff invokes suplementary jurisdiction of this Court with respect to any state law claims. Plaintiff Jennifer Nieves, who is plaintiff Davidson Izquierdo's wife, has suffered mental distress due to the illegal acts that defendants have caused to plaintiff. She files her cause

1

of action under Article 1536 of the Puerto Rico Civil Code of 2020, and under the case law of the Supreme Court of Puerto Rico, <u>Santini Rivera v Serv-Air, Inc.</u>, 137 D.P.R. 1 (1994), which entitles a relative or even a friend to request compensation for the damages suffered for unlawful acts caused against a loved person.

3. Personal jurisdiction is proper in this judicial district in that Plaintiffs reside or are located in Puerto Rico.

4. Venue is proper in this district under 28 U.S.C. §1391 (b) because Defendants reside in this judicial district, can be found in this judicial district, are subject to *in personam* jurisdiction in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

### III.    THE PARTIES

5. Plaintiffs Davidson Izquierdo-Tirado (hereinafter Izquierdo), and his wife Jennifer Nieves (hereinafter plaintiff's wife) are American citizens, residents of Calle Ermita #155 Aguada, Puerto Rico.

6. All defendants are sued under 42 U.S.C. 1983, under the IV Amendment of the United States Constitution in their personal and official capacity.

7. Defendant Agent Reynaldo Nieves-Soto, badge #17952 is a Puerto Rico Police Officer whom for his unlawful and/or negligent actions performed under color of law, responds to plaintiffs.

8. Sergeant Jose D. Cordero Quinones, badge 823488, is a Puerto Rico Police Officer whom for his unlawful and/or negligent actions performed under color of law, responds to plaintiffs.

9. Unknown Supervisor John Doe was Agent Reynaldo Nieves-Soto's supervisor at the time of the facts the lead to this complaint. He or she responds to plaintiffs for the lack of

supervision and/or training upon Agent Nieves-Soto, which caused and/or contributed to the actions that led to this complaint. His or her name will be substituted as soon as it is discovered.

10. A, B, C Companies are, upon information and belief, unknown companies that are liable for the facts stated in the complaint. Their real names shall be substituted as soon as they are discovered.

11. D, E, F Insurance Companies are, upon information and belief, insurance providers with whom defendants maintained insurance policies that cover the actions alleged herein. Their real names shall be substituted as soon as they are discovered.

## IV.   FACTS

12. On November 19, 2023, around 5:25 PM, Izquierdo was driving his motorcycle, which was legally registered by the Puerto Rico Transportation and Public Works Department, at a legal and reasonable speed on Road #417 Km. 3.3, in the vicinity of the Aguada Municipality.

13. When Izquierdo arrived at a point where several police officers were standing at the edge of the road, agent Reynaldo Nieves-Soto suddenly, and under color of law, jumped to the middle of the road and, in an attempt to stop and/or detain him, pushed Izquierdo.

14. This unlawful and negligent actions caused that Izquierdo lose control of the motorcycle and fell to the pavement, sliding with his motorcycle uncontrollably until he impacted the vehicle of Ms. Ileana Gonzalez-Rivera.

15. The actions of agent Nieves Soto were captured on video from a camera of a nearby business.

16. Agent Nieves Soto acts were so egregious that they shock the conscience of any reasonable person.

17. Agent Nieves Soto actions deprived Plaintiff of a protected interest in life, liberty, or property

18. As a consequence of Agent Nieves-Soto's actions, Izquierdo suffered multiple body traumas and damages, including five (5) fractured ribs, a punctured lung, fractures to his shoulder blades and scapula as well as injuries and trauma on his knees.

19. Izquierdo was taken to the Emergency Room of Centro Medico in Rio Piedras to receive medical attention.

20. Later on, Izquierdo received treatment by Dr. Carlos Perez-Cardona, Orthpedist and Dr. Ruben Torres-Benitez, Physiatrist.

21. When plaintiff returned to work, he had not yet fully healed from the injuries to his legs. Therefore, in his first day of work he suffered a sprain that has prevented him from returning to his job to this day.

22. To hide co-defendant Agent Nieves-Soto's actions, co-defendant Cordero-Quinones, badge 823488, unlawfully and/or negligently filed charges against plaintiff for causing a vehicular accident. These charges were dismissed.

23. The above-described conduct was performed by co-defendants Nieves-Soto and Cordero-Quinones, due to their negligence and/or lack of knowledge.

24. Unknown Supervisor John Doe, in charge of codefendants, is liable under the supervisory liability doctrine for not training properly co-defendants and for allowing the conduct above described.

25. All of these actions were committed by defendants against plaintiff, under color of state law.

26. As a consequence of the actions above described, Izquierdo suffered five (5) fractured ribs, a punctured lung, fractures to his shoulder blades and scapula as well as injuries and trauma

4

on his knees, which he later reinjured when he had to return to his work.

27. For his physical damages, plaintiff Izquierdo is requesting the amount of $1,000,000.00 (One Million Dollars) in compensatory damages and $1,000,000.00 (One Million Dollars) in punitive damages because of defendants 'actions.

28. Plaintiff has had to receive multiple therapy sessions to treat his injuries, which have not fully and properly healed yet.

29. For said therapies, plaintiff Izquierdo is requesting the amount of $50,000.00.

30. As a consequence of the negligent actions above described, Izquierdo has not been able to work and has lost in excess of $20,000.00 in income, amount that will keep increasing until he is able to return to work. Plaintiff Izquierdo requests said amount.

31. Additionally, plaintiff is at risk of losing his employment if he is not able to return to work, which would increase his damages.

32. As a consequence of the negligent actions above described, plaintiff Izquierdo has suffered a profound emotional trauma that is affecting his mental peace and his right to happiness. He is nervous, does not sleep well, he is unhappy and has a feeling of fear and rage because of what was done to him. He feels particularly nervous, stressed, insecure and fearful every time he sees or is in the presence of police officers.

33. For his emotional damages, plaintiff Izquierdo is requesting the amount of $1,000,000.00 (One Million Dollars) in compensatory damages and $1,000,000.00 (One Million Dollars) in punitive damages because of defendants 'unlawful action.

34. Plaintiff Jennifer Nieves, plaintiff Izquierdo's wife, suffered mental distress due to the unlawful acts that defendants have caused to her husband. She requests the amount of $175,000.00 for her damages.

**WHEREFORE,** it is respectfully requested judgment be entered against defendants in the

above requested amounts, plus costs and attorneys fees.

In San Juan, Puerto Rico this November 18, 2024.

s/*Fredeswin Pérez-Caballero*
**Fredeswin Pérez-Caballero**
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Telephone:     787-239-7226
USDC-PR 217803
e-mail: fpclaw@gmail.com

s/Pedro Sanabria-Andino
134 Calle Mayagüez
San Juan, Puerto Rico 00917
Tel. (787) 763-9393
USDC-PR 306305
E-mail: sanabrialawpr@gmail.com